IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAN ARENBERG, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-cv-462-SDJ-KPJ |
| EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian") Motion for Extension of Time to Respond to Plaintiff's Complaint (the "Motion") (Dkt. 8), to which Plaintiff Dan Arenberg ("Plaintiff") filed a response in opposition (the "Response") (Dkt. 10). For the reasons that follow, the Motion (Dkt. 8) is **GRANTED**.

On May 21, 2024, Plaintiff filed the Complaint (Dkt. 1). On June 10, 2024, Experian filed the Motion (Dkt. 8), wherein it represents that it was served on May 23, 2024, and that its response to the Complaint (Dkt. 1) is due on June 13, 2024. Dkt. 8 at 1. "Experian requests additional time to more thoroughly investigate Plaintiff's claims and prepare a proper and meaningful response." *Id.*

On June 10, 2024, Plaintiff filed a response (Dkt. 10) to the Motion (Dkt. 8), wherein Plaintiff represents he is opposed to Experian's request. Dkt. 10 at 1. Plaintiff represents that "[a]lthough Plaintiff's counsel almost universally agrees to such extensions as a matter of ordinary professional courtesy, after much thought and experience with the Defendant, such agreement is impossible here." *Id.* Plaintiff further represents that "Plaintiff's counsel has good reason to conclude that Experian's request for an extension is part of a deliberate strategy of delay and

1

obstruction that is designed to prejudice Plaintiff."[1] *Id.* at 1–2. Thus, Plaintiff requests that the Court deny the Motion (Dkt. 8). *Id.* at 8.

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve a responsive pleading "within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A)(i). However, "the court may, for good cause, extend the time." FED. R. CIV. P. 6(b)(1). Despite the "good cause" language, this standard is "lenient." *See, e.g.*, *Devillier v. Texas*, No. 20-cv-223, 2023 WL 2744398, at *1 (S.D. Tex. Mar. 31, 2023). Provided the request for an extension is made prior to the expiration of the time limit at issue, the court "may extend the period for any reason." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (citing FED. R. CIV. P. 6(b)(1)(A)). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, No. 14-cv-1204, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020) (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2023)).

Here, Experian seeks an extension of the time to file its responsive pleading by 21 days to July 5, 2024. Dkt. 8 at 1. The Court finds that the circumstances set forth in the Motion (Dkt. 8) constitute good cause to extend Experian's deadline because "Experian requests additional time to more thoroughly investigate Plaintiff's claims and prepare a proper and meaningful response." *Id.*

---

[1] Plaintiff's counsel further represents that Experian failed to comply with the Court's local rules which require a personal conference by telephone or in person. *See* LOC. R. CV-7(h). Plaintiff's counsel represents that Experian attempted to call Plaintiff's counsel twice, but Plaintiff's counsel missed both calls. Dkt. 10 at 8. Experian's counsel represents that after he was unable to reach Plaintiff's counsel by telephone, he conferred with Plaintiff's counsel by email on June 7, 2024, wherein Plaintiff's counsel indicated that she opposed the relief sought by Experian. Dkt. 8 at 3. Although the meeting between the parties did not occur by telephone or in person, Defendant's counsel communicated his intent to seek an extension and Plaintiff's counsel had the opportunity to respond and communicate her intent to oppose the request. *See id.* Thus, Experian's counsel's actions in attempting to meet and confer do not constitute an "unreasonable failure to meet and confer" that would constitute "grounds for disciplinary action." *See id.* ("An unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action.").

Experian also affirmatively states that the extension is not sought for "the purposes of delay" and that "[n]o party will be prejudiced by this extension." *Id.* at 1–2. The Court further notes Experian's request of 21 days is less than the 45 days allowed by application under our Local Rules. *See* LOC. R. CV-12. While Plaintiff has expressed concerns about delay, the Court further notes that the requested extension will make Experian's responsive pleading due about the same time as the other Defendant in this case. *See* Docket Entry dated June 6, 2024 (extending Defendant RentGrow, Inc.'s deadline to file responsive pleading to July 3, 2024).

Upon consideration, the Motion (Dkt. 8) is **GRANTED**.

**IT IS ORDERED** that Experian shall have until **July 5, 2024**, to file its responsive pleading to the Complaint (Dkt. 1).

**So ORDERED and SIGNED this 11th day of June, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE